**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEEMA KHAN, an individual,<br><br>Plaintiff,<br>v.<br><br>WORLD SAVINGS BANK, FSB, now doing business as WELLS FARGO BANK, N.A., and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No.: 10-CV-04305-LHK<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO STRIKE AS MOOT |

Defendant Wells Fargo, N.A., successor by merger to World Savings Bank, FSB, moves to dismiss Plaintiff Seema Khan's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike portions of the Complaint pursuant to Rule 12(f). Plaintiff, who is represented by counsel, did not oppose either motion.[1] Pursuant to Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for determination without oral argument. Having considered the submissions of the parties and the relevant law, the Court GRANTS Defendant's motion to dismiss with leave to amend in part, and DENIES as moot the motion to strike. Accordingly, the motion hearing and case management conference previously scheduled for January 20, 2011 are vacated.

[1] Plaintiff's counsel is also representing Plaintiff Seema Khan in another action before this Court relating to a mortgage transaction involving a different property. *See Khan v. World Savings Bank*, No. 10-CV-04057, 2011 WL 90765 (N.D. Cal. Jan. 11, 2011). In Plaintiff's other case, the Court has issued an Order to Show Cause to Plaintiff's counsel as to why sanctions should not be imposed based on his failure to comply with the Local Rules and the Court's orders, including repeated failures to file an opposition or statement of non-opposition in response to motions. *Id.* at *2. The Order to Show Cause is set for hearing on March 17, 2011. *Id.*

**I. Background**

This action arises out of a mortgage transaction involving property located at 12215 Thorn Grove Place, Germantown, Maryland. Compl. ¶ 1. Plaintiff Seema Khan originally brought suit in state court on August 18, 2010, and Defendant Wells Fargo removed the case to federal court on September 23, 2010. The Complaint in this case contains general allegations about Defendant's loan origination practices and provides very few facts specific to Plaintiff or to the mortgage at issue. Indeed, with the exception of the Complaint's first paragraph, which identifies Seema Khan as an individual residing in Maryland, the Complaint in this case appears to be identical to a complaint filed by the same attorney, apparently on behalf of the same Plaintiff, concerning a different mortgage on a property located in San Jose, California. *See* Compl., *Khan v. World Savings Bank*, No. 10-CV-04057 (N.D. Cal. Sept. 9, 2010).

Documents submitted by Defendant Wells Fargo, and properly subject to judicial notice,[2] establish that on December 5, 2005, Plaintiff Seema Khan and her husband Ahmed Danish Afroz entered into an adjustable rate mortgage with World Savings Bank, FSB, now Wells Fargo, NA, in the amount of $216,000. Def. Wells Fargo's Req. for Judicial Notice in Supp. of Amended Mot. to Dismiss and Strike Portions of the Compl. ("RJN"), Ex. A at 4; Ex. B at 11. The Adjustable Rate Mortgage Note was secured by a Deed of Trust on Plaintiff's property at 12215 Thorn Grove Place in Germantown, Maryland. RJN Ex. B at 11. While the Complaint alleges that Defendant's loan

[2] Defendants make an unopposed request that the Court take judicial notice of seven documents: the Note, Ex. A; the Deed of Trust, Ex. B; a Certificate of Corporate Existence regarding World Savings Bank, FSB from the Office of Thrift Supervision (OTS), Ex. C; a letter from OTS dated November 19, 2007, Ex. D; the charter of Wachovia Mortgage FSB dated December 31, 2007, Ex. E; the Federal Deposit Insurance Corporation (FDIC) profile and history of Wachovia Mortgage, FSB, dated October 27, 2010, Ex. F; and the Official Certification of the Comptroller of the Currency regarding Wachovia Mortgage, FSB and Wells Fargo Bank, Ex. G. The Loan is referenced in and forms the basis of Plaintiff's complaint, and Plaintiff has not disputed its authenticity. Accordingly, the Court will take judicial notice of it. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir.1998) (internal quotation marks omitted), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). Regarding the Deed of Trust, Exhibit B, because it was recorded in the Santa Clara County Recorder's Office, it is a public record judicially noticeable pursuant to Fed. R. Evid. 201(b). Regarding the other Exhibits, because these are all authored or signed by United States government officials working in their official capacities, the Court finds that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" and therefore takes judicial notice of them. *See Corrie v. Caterpillar*, 503 F.3d 974, 978 (9th Cir. 2007) (taking judicial notice of a government publication); Fed. R. Evid. 201(b).

origination practices induced Plaintiff to accept a risky loan product, Compl. ¶ 20, and that Defendant should have known that Plaintiff's loan might result in foreclosure, Compl. ¶¶ 21-22, it is unclear whether Defendant has actually attempted to foreclose on the property.

Plaintiff's Complaint asserts six claims for relief: (1) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200 *et seq*.; (2) violation of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 *et seq*.; (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., and its implementing regulation, 12 C.F.R. § 226; (4) fraud; (5) fraud in the inducement; and (6) unfair business practices. Defendant now moves to dismiss the Complaint pursuant to Federal Rule 12(b)(6) on grounds that Plaintiff's claims are time-barred, preempted by federal law, or fail to allege facts sufficient to state a plausible claim for relief. Defendant also moves to strike portions of the Complaint on grounds that Plaintiff is not legally entitled to certain damages claims and has failed to plead facts sufficient to demonstrate an entitlement to other damages claims. As the Court agrees that the Complaint must be dismissed pursuant to Rule 12(b)(6), the Court does not reach the motion to strike and will deny it as moot.

**II. Legal Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

**United States District Court**
For the Northern District of California

Additionally, claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Under the federal rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. Pro. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III. Discussion

### A. HOLA Preemption of State Law Claims

Defendant argues that each of Plaintiff's state law claims is preempted by the Home Owner's Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.*[3] Federal savings associations, including federal savings banks, are subject to HOLA and regulated by the Office of Thrift Supervision ("OTS"). 12 U.S.C. § 1464; *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008). As a national bank, Defendant Wells Fargo is not itself subject to HOLA or regulated by OTS. *See Bank of America v. City and County of San Francisco*, 309 F.3d 551, 561-62 (9th Cir. 2002)

[3] Although the property at issue in this action is located in Maryland, Plaintiff's state law claims are all brought under California law. Defendant has not challenged the application of California law to this case and relies exclusively on California and federal law in its motion. When a federal court exercises either supplemental or diversity jurisdiction over state law claims, it applies the choice of law rules of the forum state. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1080 (9th Cir. 2009). Under California choice of law principles, the law of forum state is applied by default unless a party timely invokes the law of a foreign state. *Id.* (citing *Hurtado v. Superior Court*, 11 Cal. 3d 574, 114 Cal. Rptr. 106, 522 P.2d 666, 670 (1974)); *see also Hatfield v. Halifax PLC*, 564 F.3d 1177, 1184 (9th Cir. 2009). As both parties rely on California law and neither has invoked the law of another state, it appears that they have acquiesced in the application of California law to Plaintiff's state claims. *See Hatfield*, 564 F.3d at 1184.

(describing regulation of national banks by the National Bank Act and the Office of the Comptroller of Currency). However, Plaintiff's loan originated with World Savings Bank, which was a federal savings bank subject to HOLA and OTS regulations, RJN Ex. C, and Plaintiff's allegations focus solely on actions taken by World Savings Bank during the origination of Plaintiff's loan. *See* Compl. ¶¶ 36-59. World Savings Bank later changed its name to Wachovia Mortgage, FSB, remaining under the regulatory authority of OTS and subject to HOLA. RJN Ex. D-E. Wachovia Mortgage is now a division of Wells Fargo. RJN Ex. F-G. Thus, although Wells Fargo itself is not subject to HOLA and OTS regulations, HOLA nonetheless applies to this action because Plaintiff's loan originated with a federal savings bank and was therefore subject to the requirements set forth in HOLA and OTS regulations. *See Lopez v. Wachovia Mortg.*, No. C 10-01645, 2010 WL 2836823, at *2 (N.D. Cal. July 19, 2010) (finding that although Wells Fargo is a federally chartered national bank, the action is governed by HOLA because the loan originated with World Savings Bank, which was regulated by OTS and subject to HOLA).

Since HOLA applies to this action, the court next must consider the scope of HOLA preemption. The Ninth Circuit has described HOLA and OTS regulations as a "radical and comprehensive response to the inadequacies of the existing state system." *Silvas*, 514 F.3d at 1004 (quoting *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1257, 1260 (9th Cir. 1979), *aff'd*, 445 U.S. 921 (1980)). In its role as principal regulator of federal savings associations, OTS promulgated an express field preemption regulation codified at 12 C.F.R. § 560.2. The regulation states that "OTS hereby occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2(a). The effect of this regulation is to leave virtually "no room for state regulatory control." *Silvas*, 514 F.3d at 1004 (quoting *Conference of Fed. Sav.*, 604 F.2d at 1257, 1260).

OTS regulations provide guidance on determining whether a state law is preempted. Section 560.2(b) provides a nonexclusive list of the types of state laws preempted by the regulation. This list includes "state laws purporting to impose requirements regarding . . . (5) Loan-related fees, including . . . prepayment penalties . . . (9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application

forms, credit solicitations, billing statements, credit contracts, or other credit-related documents . . . [and] (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b). OTS further instructs that the first step in a preemption analysis is to determine whether the state law at issue is of a type listed in paragraph (b). *Silvas*, 514 F.3d at 1005. In doing so, the court does "not look merely to the abstract nature of the cause of action allegedly preempted but rather to the functional effect upon lending operations of maintaining the cause of action." *Naulty v. GreenPoint Mortg. Funding, Inc.*, Nos. C 09-1542, C 09-1545, 2009 WL 2870620, at *4 (N.D. Cal. Sept. 3, 2009). If an application of the state law to the activities of the federal savings bank would "impose requirements" regarding the lending activities listed in paragraph (b), then the analysis ends there; the law is preempted. *Silvas*, 514 F.3d at 1005. Paragraph (c), which lists certain state laws that are not necessarily preempted, comes into play only if the state law is not covered by paragraph (b). *Id.*

Defendant argues that Plaintiff's first, fourth, fifth, and sixth claims are preempted by HOLA. The Court will address these claims in turn.

**1. UCL Claim (First Cause of Action)**

Plaintiff's first cause of action alleges that Defendant violated the California Unfair Competition Law, Cal. Bus. & Profs. Code §17200 *et seq.*, by making untrue or misleading statements in order to induce Plaintiff into entering into the loan. Compl. ¶ 38. Plaintiff does not identify the alleged misrepresentations with any particularity. However, she claims that Defendant's misrepresentations included statements "regarding the terms and payment obligations including statements of the duration of the original payment, duration and amount of the interest rate, and statements obfuscating the risks of loan . . . that the home value would continue to rise and that Plaintiff could refinance quickly . . . [and that Defendant] did not make any payments of kickbacks . . . in violation of RESPA." Compl. ¶ 38. Plaintiff also alleges that Defendant failed to disclose the cost of the mortgage as required by the federal Truth in Lending Act. Compl. ¶ 39.

The first step of the preemption analysis asks whether Plaintiff's UCL cause of action, as applied, is a type of state law contemplated in paragraph (b) of 12 C.F.R. § 560.2. *Silvas*, 514 F.3d at 1006. Because Plaintiff's claim is based entirely on Defendant's disclosures and advertising,

§ 560.2(b)(9), as they relate to terms of credit, § 560.2(b)(4), and loan-related fees, including prepayment penalties, § 560.2(b)(5), it falls within the type of state laws contemplated by paragraph (b). *See Silvas*, 514 F.3d at 1006 (finding that HOLA preempts claim that Defendant included false information on its website and in media advertisements to the public). *See also, e.g.*, *Newsom v. Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1006-08 (N.D. Cal. 2010) (finding that HOLA preempted claim alleging that defendant failed to provide disclosures required by TILA, and misrepresented interest rates and fees); *Amaral v. Wachovia Mortg. Corp*., 692 F. Supp. 2d 1226, 1237-38 (E.D. Cal. 2010) (finding that HOLA preempted fraud claim alleging that defendant made material false representations regarding plaintiffs' loan). Accordingly, under the approach put forth by OTS and adopted by the Ninth Circuit, the preemption analysis ends, and Plaintiff's UCL claim is preempted.

In addition, the Court notes that Plaintiff's UCL claim, as currently pled, is barred by the four-year statute of limitations provided under Cal. Bus. & Profs. Code. § 17806. Ordinarily, a UCL cause of action accrues at the time when the wrongful act was done and liability arises. *Salenga v. Mitsubishi Motors Credit of America, Inc.*, 183 Cal. App. 4th 986, 996, 107 Cal. Rptr. 3d 836 (Cal. Ct. App. 2010). In this case, Plaintiff's cause of action accrued when Defendant made the allegedly untrue or misleading statements that induced Plaintiff to enter into the loan, on or about December 5, 2005. As Plaintiff did not initiate this action until August 18, 2010, over four-and-a-half years after accrual, and does not allege facts suggesting that equitable tolling or some form of delayed accrual should apply, her UCL claim is time-barred. Accordingly, Plaintiff's UCL claim is dismissed on grounds that it is both preempted by federal law and barred by the statute of limitations. Plaintiff may amend this claim if she is able to allege more specific facts establishing a non-preempted basis for a UCL violation and a basis for tolling or delayed accrual of the statute of limitations.

**2. Fraud (Fourth Cause of Action)**

Like Plaintiff's UCL claim, Plaintiff's fourth cause of action for fraud is based on vague allegations that Defendant made false representations during the loan origination process in order to induce Plaintiff to sign the loan documents and assign Defendant a security interest in her

property. Compl. ¶¶ 48-49. Specifically, Plaintiff alleges that the Defendant "represented to Plaintiff that all the statements made to [her] in the origination of the RML [residential mortgage loan] were true and that the value of the Subject Property which supported the loan was also true." Compl. ¶ 48. Plaintiff further alleges that Defendant(s) "represented themselves as loan experts and represented their employees or third parties such as the appraiser as experts in the field." Compl. ¶ 50. As Defendant points out, these vague allegations fall far short of meeting the particularity requirement for claims of fraud under Rule 9(b), and it is difficult to pinpoint precisely upon what Plaintiff's claim is based. It appears, however, that Plaintiff's claim depends upon the basic allegation that Defendant failed to disclose aspects of the loan or falsely advertised its own expertise or that of third parties. As such, these statements appear to fall squarely within the preempted "disclosure and advertising" categories of 12 C.F.R. § 560.2(b)(9). Accordingly, pursuant to the analysis in the preceding section, Plaintiff's fourth cause of action for fraud is preempted by HOLA.[4] Plaintiff may amend this claim if she is able to allege more specific facts establishing a non-preempted basis for it.

**3. Fraud in the Inducement (Fifth Cause of Action)**

Plaintiff's fifth cause of action for fraud in the inducement alleges that the Defendant "made a series of fraudulent promises . . . includ[ing] but . . . not limited to statements about the increase of value of the property, the ease that refinancing would occur, the monthly payments and interest rate." Compl. ¶ 54. As with Plaintiff's fraud claim, all of the alleged bases of the fraud in the inducement claim relate to disclosures made during origination of a mortgage loan, and, pursuant to the analysis above, are preempted by HOLA. Thus, Plaintiff's fraud in the inducement claim is dismissed. Plaintiff may amend this claim if she is able to allege more specific facts establishing a non-preempted basis for it.

[4] Defendant also argues that Plaintiff's claims for fraud and fraud in the inducement are barred by the applicable statute of limitations. For claims of fraud, California law imposes a three-year statute of limitations that runs from the discovery, by the aggrieved party, of the facts constituting the fraud. Cal. Code Civ. Pro. § 338(d). Because it is not clear, based on Plaintiff's vague allegations, when Plaintiff discovered or should have discovered the alleged fraud, the Court does not attempt to determine whether Plaintiff's fraud claims are time-barred.

**4.     Unfair Business Practices (Sixth Cause of Action)**

Plaintiff's sixth cause of action asserts a claim for unfair business practices. It is unclear whether Plaintiff intends to plead a second claim under the California Unfair Competition Law or if this claim is predicated on some other statutory or common law cause of action. In any case, Plaintiff alleges that Defendant's "fraudulent acts, business model, and change of underwriting standards were designed to create an environment of unfair business practice in which Defendants could wrongly profit." Compl. ¶ 59. She alleges further that Defendant's actions included artificially inflating the value of the home and making other false promises and statements designed to unfairly prejudice Plaintiff and to allow Defendant to profit from her loss. *Id.* Like Plaintiff's other state law claims, these allegations fall within the preempted categories of 12 C.F.R. § 560.2(b), including "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(10). *See Grant v. Aurora Loan Services, Inc.*, No. CV 09-08174, 2010 WL 3517399, at *12 (C.D. Cal. Sept. 10, 2010) (finding unfair practices claim based on allegedly inaccurate appraisals preempted by HOLA and collecting cases in accord). Accordingly, Plaintiff's unfair business practices claim is preempted and must be dismissed. Plaintiff may amend this claim if she is able to allege more specific facts establishing a non-preempted basis for it.

**B. RESPA**

Plaintiff's second cause of action alleges violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 *et seq*. Plaintiff does not specify any particular provisions of RESPA that Defendant allegedly violated, but she states that Defendant violated RESPA through statements regarding loan terms and payment obligations and "[s]tatements regarding the prepayment penalty, including that the loan had no prepayment penalty or that the prepayment penalty could be easily waved [sic] by making payments of kickbacks, fees or other 'things of value.'" Compl. ¶ 42. As Defendant points out, although RESPA sets forth certain disclosure and notice requirements related to the servicing of loans and escrow accounts, *see* 12 U.S.C. § 2605, it does not govern disclosures regarding loan terms or prepayment penalties.

Thus, any statements made regarding loan terms, loan payment obligations, or prepayment penalties do not establish a RESPA violation.

In addition, to the extent that Plaintiff attempts to allege a violation of 12 U.S.C. § 2607, which prohibits giving or receiving fees, kickbacks, or things of value in exchange for referrals of loan-related business, Plaintiff's allegations do not contain sufficient factual matter to state a claim that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949. First, it is not clear whether Defendant is alleged to have stated that there was no prepayment fee at all, or if, instead, Defendant disclosed the prepayment fee but stated that it could easily be waived if Plaintiff paid fees or kickbacks. Moreover, there is no allegation that the alleged "kickbacks, fees, or other things of value" had any relationship to the referral of loan-related business or the real estate settlement process such that they would be covered by RESPA. *See* 12 U.S.C. § 2601(b)(1)-(2) (stating that the purpose of RESPA is to provide disclosure of settlement costs and "the elimination of kickbacks or *referral* fees" that increase the costs of settlement services) (emphasis added); *id.* § 2602(3) (defining settlement services to include services rendered prior to and at the closing or settlement of a real estate transaction); *id.* § 2607 (prohibiting provision or acceptance of fees, kickbacks, and things of value in exchange for referral of loan-related business).

Finally, it appears that any claim for violations concerning referral fees and kickbacks under § 2607 would be barred by the one-year statute of limitations for such claims. 12 U.S.C. § 2614. Plaintiff's allegations all relate to statements made at the time of loan origination, on or about December 5, 2005. Plaintiff did not bring her claims until over four-and-a-half years later, in August of 2010, and she pleads no facts that suggest a basis for equitable tolling. Her claim is thus time-barred. Because Plaintiff's RESPA claim lacks factual allegations establishing a plausible claim for relief and is barred by the applicable statute of limitations, the claim is dismissed. Plaintiff may amend her RESPA claim if she is able to allege more specific facts establishing a violation of a particular RESPA provision as well as a plausible basis for equitable tolling.

**C. TILA**

Plaintiff's third cause of action asserts violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and its implementing regulation, 12 C.F.R. § 226. Like her RESPA claim,

United States District Court
For the Northern District of California

Plaintiff's TILA claim rests on conclusory allegations and fails to identify any specific statutory or regulatory provisions allegedly violated by Defendant. Plaintiff specifies only that Defendant failed to examine her repayment ability and failed to disclose details such as "the eventually reset interest rate, specific loan terms, and the total dollar amount the loan will cost over time." Compl. ¶ 45. These vague allegations do not provide Defendant fair notice of the claims asserted against it, and do not provide a factual basis sufficient to allow the Court to draw the reasonable inference that the defendant is liable for RESPA violations. *See Iqbal*, 129 S.Ct. at 1949. Moreover, it appears that any claim for damages would be barred by the one-year statute of limitations, 15 U.S.C. § 1640(e), and any claim seeking rescission would be barred by the three-year statute of repose. *Id.* § 1635(f). Although equitable tolling may apply to TILA claims for damages, *King v. Caifornia*, 784 F.2d 910, 915 (9th Cir. 1986), Plaintiff has not alleged facts suggesting that equitable tolling might apply in this case. Accordingly, Plaintiff's TILA claim is dismissed for failure to state a plausible claim for relief and on statute of limitations grounds. Plaintiff may amend her TILA damages claim if she is able to allege more specific facts establishing a violation of particular TILA provisions as well as a plausible basis for equitable tolling. Any claim for rescission, however, may not be renewed, as the three-year statute of limitations for rescission has expired, and equitable tolling does not apply to TILA rescission claims. *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164-65 (9th Cir. 2002) (stating that 12 U.S.C. § 1635(f) imposes an absolute limitation on rescission actions and deprives federal courts of jurisdiction to consider rescission claims brought outside the three-year limitation period).

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss with leave to amend in part. Because the Court has dismissed the entire Complaint, the Court DENIES Defendant's motion to strike as moot. As to each of Plaintiff's claims, the Court rules as follows:

(1) Plaintiff's first cause of action for violations of the UCL is dismissed, with leave to amend, on grounds that the claim is preempted by federal law and barred by the statute of limitations.

United States District Court
For the Northern District of California

(2) Plaintiff's second and third causes of action for violations of TILA and RESPA are dismissed for failure to allege facts sufficient to state a plausible claim for relief and on statute of limitations grounds. Leave to amend these claims is granted, except as to any claim for rescission under TILA.

(3) Plaintiff's fourth, fifth, and sixth causes of action are dismissed, with leave to amend, on grounds that they are preempted by federal law.

Plaintiff shall file an amended complaint, if any, within 30 days of this order to cure the deficiencies identified herein. Plaintiff may not add new claims or parties without seeking leave of the Court pursuant to Federal Rule of Civil Procedure 15. **If Plaintiff does not file an amended complaint within 30 days of this order, her claims will be dismissed with prejudice.**

The motion hearing and case management conference previously scheduled for January 20, 2011, are hereby VACATED.

**IT IS SO ORDERED.**

Dated: January 14, 2011

Lucy H. Koh

LUCY H. KOH
United States District Judge