UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEEMA KHAN, an individual, | Case No.: 10-CV-04305-LHK |
| Plaintiff, | ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED |
| v. | |
| WORLD SAVINGS BANK, FSB, now doing business as WELLS FARGO BANK, N.A., and DOES 1 through 50 inclusive, | |
| Defendants. | |

On January 14, 2011, this Court issued an order granting, with leave to amend, Defendant Wells Fargo's unopposed motion to dismiss Plaintiff's Complaint. The Court determined that the motion was appropriate for determination without oral argument and therefore vacated the motion hearing and case management conference scheduled for January 20, 2011. Plaintiff is represented by counsel who should have received the Court's order in a timely manner through the Electronic Court Filing system and should have notified his client of the order in his case. However, on January 20, 2011, Plaintiff Seema Khan appeared at the courtroom, apparently believing that the motion hearing was still scheduled. Plaintiff represented to court staff that his lawyer was no longer representing him and that he was seeking a new lawyer. Court staff referred Plaintiff to the Federal Legal Assistance Self-Help project.

Plaintiff's counsel has not moved to withdraw from representation in this case. However, Plaintiff's counsel failed to oppose Defendant's motion or to file a statement of non-opposition, as

1

required by Local Civil Rule 7-3, and it appears, based on Plaintiff's representations, that counsel has abandoned the case and ceased communicating with his client, in violation of the Local Rules of this Court and California Rules of Professions Conduct. Civil Local Rule 11-5 prohibits an attorney from withdrawing from an action until relieved by a Court order after written notice has been given reasonably in advance to the client and all other parties who have appeared in the case. Civ. L.R. 11-5(a). In addition, the California Rules of Professional Conduct prohibit attorneys from withdrawing from employment until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3-700(D) [which addresses the disposition of client papers and property], and complying with applicable laws and rules." Cal. Rules of Prof'l Conduct 3-700(A)(2). The California Rules also require attorneys to keep clients "reasonably informed about significant developments relating to the employment or representation." Cal. Rules of Prof'l Conduct 3-500. Under these rules, counsel is not permitted to unilaterally withdraw, cease communicating with a client, and take no further action in a case.

The Court's concerns about counsel's conduct are heightened because counsel is also representing Plaintiff Seema Khan in another case before the Court, in which counsel improperly sought to withdraw by "substituting" his client as attorney of record, in violation of Civil Local Rule 11-5. *See* Order Denying Mot. to Substitute Counsel, *Khan v. World Savings Bank*, No. 10-CV-04057 (N.D. Cal. Nov. 3, 2011). The Court instructed counsel that if he wishes to withdraw from representation, he must move for leave to withdraw pursuant to Local Rule 11-5 and comply with California Rule of Professional Conduct 3-500, but counsel failed to do so. Based on this conduct, as well as counsel's repeated failure to comply with the Local Rules and Court orders in several cases, the Court has already issued an Order to Show Cause to Plaintiff's counsel in case No. 10-CV-04057 as to why sanctions should not be imposed. *Khan v. World Savings Bank*, No. 10-CV-04057, 2011 WL 90765, at *2 (N.D. Cal. Jan. 11, 2011). The hearing on the Order to Show Cause in case No. 10-CV-04057 is set for March 17, 2011. *Id*.

The Court finds that counsel's apparent attempt to withdraw from this case without seeking leave of the Court may also be sanctionable conduct. Accordingly, the Court hereby notifies

counsel that his conduct in the instant case will also be considered in conjunction with the Order to Show Cause issued in Case No. 10-CV-04057.  The Court therefore orders Plaintiff's counsel to show cause why he should not be sanctioned for failure to comply with Civil Local Rule 11-5(a) and California Rule of Professional Conduct 3-700 in this case.  Plaintiff's counsel shall file a written response no later than February 17, 2011.  Counsel may file a consolidated response that responds to both this Order and the Order to Show Cause issued in Case No. 10-CV-04057.  Any consolidated response should include both case numbers and captions and be filed in both cases.  The Court will address both Orders to Show Cause at the hearing already scheduled in case No. 10-CV-04057 on March 17, 2011.

In addition, because it appears that counsel has abandoned the case and ceased communicating with Plaintiff, the Court considers that Plaintiff is proceeding *pro se*.  The Court will mail a copy of this order and its previous order granting the motion to dismiss to Plaintiff's address.  Because Plaintiff did not receive notice of the Court's order until January 20, 2011, the Court will extend the deadline to file an amended complaint.  Plaintiff is hereby advised that if he wishes to proceed with this action, he must file an amended complaint no later than February 28, 2011.

**IT IS SO ORDERED.**

Dated: January 21, 2011

_____
LUCY H. KOH
United States District Judge